UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MICHAEL WAFER                                   CIVIL ACTION NO. 12-cv-3143

VERSUS                                                  JUDGE WALTER

KEN BAILEY, ET AL                               MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

Michael Wafer ("Plaintiff") is a self-represented prisoner currently held at the Claiborne Parish Detention Center.  He filed this action in forma pauperis ("IFP") against Sheriff Ken Bailey, investigator Randy Smith, and the Claiborne Parish Coroner's Office.  Plaintiff alleges that his daughter, grandson, and unborn grandchild were murdered, but the suspected killer is still free due to a lack of proper investigation by the sheriff and investigator Smith.  Plaintiff also faults the coroner's office for not determining the cause of his daughter's death.

Under 28 U.S.C. § 1915(e)(2)(B)(i) & (ii), the district court shall dismiss an IFP complaint at any time if it determines that the complaint is frivolous or malicious or fails to state a claim upon which relief may be granted. A complaint is frivolous if it lacks an arguable basis in law or fact.  It lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.  The complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. Rogers v. Boatright, 709 F.3rd 403, 407 (5th Cir. 2013).

Plaintiff "does not have a constitutional right to have someone criminally prosecuted." Oliver v. Collins, 914 F.2d 56, 60 (5th Cir. 1990). There is also no authority for a "right to have the police investigate a crime in any particular fashion." Id. Claims of inadequate investigation or failure to investigate were also discussed and dismissed in Andrews v. Fowler, 98 F.3d 1069, 1079 (8th Cir. 1996) and Woodland v. City of Vicksburg, 2006 WL 3375256 (S.D. Miss. 2006).

Plaintiff complains that the sheriff says he cannot arrest the suspect due to lack of evidence, but Plaintiff points to a case in which an alleged (white) friend of the sheriff was murdered by two black men who were then tried on what Plaintiffs says was 95% circumstantial evidence. He attributes the lack of prosecution in his family's case to discrimination due to race and status. Whether to file criminal charges against an individual lies within a prosecutor's discretion. Lewis v. Jindal, 368 Fed. Appx. 613, 614 (5th Cir. 2010). It is the district attorney in Louisiana, not the sheriff, who decides whether to institute criminal charges and try a person for a crime. The district attorney, who is entitled to absolute immunity for decisions on whether or not to prosecute, is not a party to this case.

Accordingly,

IT IS RECOMMENDED that Plaintiff's complaint be **dismissed** for failure to state a claim on which relief may be granted.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and

recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See <u>Douglass v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 23rd day of April, 2013.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE